UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Moriba W.,

Petitioner,

v.

Sheriff Joel Brott, *Sheriff, Sherburne County, MN, in their official capacity*; David Easterwood, *Acting Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement, in their official capacity*; Markwayne Mullin, *Secretary of the U.S. Department of Homeland Security, in their official capacity*; and Todd Blanche, *Attorney General of the United States, in their official capacity*;

Respondents.

File No. 26-cv-2806 (ECT/LIB)

**OPINION AND ORDER**

---

Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") dated July 30, 2026. ECF No. 8. Judge Brisbois recommended that Petitioner Moriba W.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted insofar as the Respondents be required to provide him with a bond hearing. *See id.* Respondents[1] objected to the R&R, ECF No. 9, triggering de novo review of the objected-to portions of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

---

[1] "Respondents" refers to Acting Director Easterwood, Secretary Mullin, and Attorney General Blanche. Sherburne County Sheriff Joel Brott has not appeared in these proceedings.

Moriba is a citizen of Guinea. Pet. ¶ 15. On November 25, 2023, Moriba entered the United States without inspection. *Id.*; ECF No. 6-4 at 1. On November 29, 2023, a Notice to Appear was issued, signed by Acting Patrol Agent in Charge Shevannah Manning. ECF No. 6-1. The Notice to Appear charged Moriba as subject to removal pursuant to INA § 212(a)(6)(A)(i), classifying him as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 1. Since entering the United States, Moriba has resided in Minnesota. Pet. ¶ 15.

On May 6, 2026, Moriba was arrested in Fridley, Minnesota for failing to stop after being involved in a traffic collision. *See id.* ¶ 16; ECF No. 6-4 at 2. On May 7, 2026, Immigration and Customs Enforcement and the Office of Enforcement and Removal Operations (together "ICE/ERO") encountered Moriba at the Anoka County Jail. *See* ECF No. 6 ¶ 7. That same day, an ICE/ERO Supervisory Detention and Deportation Officer issued a Form I-200 administrative warrant to arrest Moriba pending removal proceedings. ECF No. 6-3. On May 8, 2026, ICE/ERO officers served Moriba with the Form I-200 warrant and took him into custody. *Id.* ¶ 8; ECF No. 6-3.[2]

---

[2] The cited declaration of Deportation Officer James L. VanDerVaart contradicts Moriba's Form I-213 Record of Deportable/Inadmissible Alien, which states that officers encountered Moriba at Anoka County Jail on May 8, 2026. ECF No. 6-4 at 2. Regardless, Moriba does not challenge the validity of ICE/ERO's Form I-200 or the lawfulness of his arrest, *see* Pet., nor does there appear to be a reason to do so based on the record. Despite the discrepancy regarding the date, the Form I-213 describes ICE/ERO having established probable cause prior to issuing the Form I-200 warrant. *See* ECF No. 6-4 at 2. And the record supports Officer VanDerVaart's account that ICE/ERO served Moriba with the Form I-200 warrant at the time of his arrest. *See* ECF No. 6-3 (listing date of service as May 8, 2026).

Moriba is presently detained at Sherburne County Jail in Elk River, Minnesota. Pet. ¶ 18; ECF No. 6 ¶ 9. Moriba filed his Petition on June 1, 2026, asserting that his detention violates his Fifth Amendment right to due process, *see* Pet. ¶¶ 39–41 (Count I), his entitlement to a bond hearing under 8 U.S.C. § 1226(a), *see id.* ¶¶ 42–45 (Count II), and the Administrative Procedure Act ("APA"), *see id.* ¶¶ 46–49 (Count III). Moriba seeks immediate release or a bond hearing. *See id.* at 10–12.

In the R&R, Judge Brisbois concluded that Moriba's continued detention without a bond hearing was unlawful and recommended the Petition be granted insofar as the Respondents be ordered to provide him with a bond hearing. *See* ECF No. 8 at 9–10. Specifically, Judge Brisbois determined that, while the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) forecloses Moriba's statutory entitlement to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), the Due Process Clause of the Fifth Amendment still requires Respondents to provide him with a bond hearing. *See id.* at 3 n.4, 9. Respondents objected to the R&R, arguing in part that binding precedent also forecloses Moriba's entitlement to a bond hearing on due process grounds. *See* ECF No. 9 at 5–7.

I respectfully disagree with Judge Brisbois. Where, as here, "a petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)" pending deportation proceedings, I conclude that "*Baynee* and *Demore* are controlling." *Eliseo C. v. Blanche*, No. 26-cv-2282 (ECT/SGE), slip op. at 8 (D. Minn. June 29, 2026), ECF No. 12. Specifically:

> In *Banyee v. Garland*, the Eighth Circuit, relying on *Demore v. Kim*, 538 U.S. 510 (2003), determined that "detention during deportation proceedings is constitutionally valid." *Banyee v.*

> *Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (citation modified) (quoting *Demore*, 538 U.S. at 523). *Banyee* further clarified that individualized findings and interest balancing are not necessary; as the court explained, "*Zadvydas* and *Demore* have already done whatever balancing is necessary." *Id.* at 933. In *Demore*, the Supreme Court "opted for a bright-line rule" that "the government can detain an alien for as long as deportation proceedings are still '*pending*.'" *Id.* at 933 (quoting *Demore*, 538 U.S. at 527). In *Banyee*, it did not matter that the petitioner had spent a year in custody awaiting a removal decision. *Id.* at 930, 932. Instead, "what matters is that detention pending deportation 'has a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes." *Id.* at 932 (citation modified) (quoting *Demore*, 538 U.S. at 528–29). The Eighth Circuit determined that for due process purposes, "[t]he *why*" is "more important than *how long*." *Id.*

*Eliseo C.*, slip op. at 7. Removal proceedings against Moriba have been pending since his Notice to Appear was issued on November 29, 2023. *See* ECF No. 6-1 at 1. Because mandatory detention without a bond hearing is acceptable "for as long as deportation proceedings are still pending," *Banyee*, 115 F.4th at 933 (citation modified), Moriba's due process claim fails.[3]

---

[3] Moriba neither objected to the R&R nor responded to Respondents' objections. *See* Docket. District courts are required only to review de novo "those portions of a Magistrate's report and recommendation to which objections are made." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (citing 28 U.S.C. § 636(b)(1)). Nevertheless, to be clear, and because the R&R did not reach Moriba's APA claim, *see* ECF No. 8 at 9 n.9, Moriba's APA claim also does not save his Petition, *see Cesar A.S. v. Brott*, No. 26-cv-2255 (ECT/DTS), 2026 WL 1092936, at *1 (D. Minn. April 22, 2026) (explaining an identical APA claim failed because it did no more than repeat the statutory argument foreclosed by *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. Respondents' objections [ECF No. 9] are **SUSTAINED** as described above;

2. The Report and Recommendation [ECF No. 8] is **REJECTED** as described above; and

3. Petitioner Moriba W.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 3, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court